IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| **RICHARD W. BRANNIES,** | |
| **Plaintiff,** | |
| -VS- | |
| **CAPTAIN HARRIS and CAPTAIN FARROW** in Their Individual and Official Capacities as Detention Captains for the Glynn County Sheriff's Office; **JOHN DOES NUMBERS 1 - 6** in Their Individual and Official Capacities as Detention Officers for the Glynn County Sheriff's Office; **E. NEAL JUMP** in His Individual and Official Capacity as the Sheriff of Glynn County; **GLYNN COUNTY, GEORGIA;** | CIVIL ACTION NO.:  CV224-126 |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

**RICHARD W. BRANNIES**, Plaintiff in the above-styled action, file this his Complaint for Damages and for compensatory and punitive damages against Defendants for damages for deprivation of his rights to the free exercise of his religion.

### I. INTRODUCTION

-1-

Mr. Brannies brings this action against Defendants to compensate him for damages and injuries suffered through their wrongful deprivation of his free exercise of his religion such that it will prevent Defendants from subjecting others to such wrongful and egregious conduct.

-2-

Mr. Brannies bring this action under the First and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, as amended and codified at 42 U.S.C. §1983, and 42 U.S.C. § 2000CC-2(a)the Religious Land Use and Institutionalized Person Act.

-3-

Mr. Brannies demand a trial by jury.

## II.   JURISDICTION

-4-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises as a civil rights action and under the laws of the United States.

## III.   VENUE

-5-

Venue properly lies before this Court pursuant to 28 U.S.C. §1391.

-6-

The incidents and injuries suffered by Mr. Brannies occurred in Brunswick, Glynn County, Georgia in the Brunswick Division of the United States District Court for the Southern District of Georgia. 28 U.S.C. § 90(c)(5).

## IV.   PARTIES

-7-

At all times relevant to this Complaint, Mr. Brannies served time as a prisoner in the Glynn County Detention Center.

-8-

At all times relevant to this Complaint, Defendants Harris, Farrow, and John Does 1-6, served as detention officers for the Glynn County Sheriff's Office.

-9-

At all times relevant to this Complaint, Defendant Jump served as the Glynn County Sheriff.

-10-

At all times relevant to this Complaint, Glynn County operated the government of Glynn County, Georgia.

-11-

Counsel for Mr. Brannies has attached and incorporated into this Complaint as Exhibit "A," the *ante litem* notices to Defendants Jump and Glynn County.

V. STATEMENT OF THE FACTS

-12-

Mr. Brannies served time as a prisoner in the Glynn County Detention Center.

-13-

Upon his entry into the Glynn County Detention Center, Mr. Brannies made known to the Glynn County Sheriff he followed Judaism.

-14-

Mr. Brannies further requested that the Sheriff provide Mr. Brannies with a kosher Jewish diet as required by the Jewish faith.

-15-

Defendants Harris, Farrow, and John Does 1-6 failed to provide Mr. Brannies with a kosher, Jewish diet.

**-16-**

Defendants Harris, Farrow, and John Does 1-6 failed to properly prepare the cooking utensils as required for kosher food.

**-17-**

Defendants Harris, Farrow, and John Does 1-6 could have easily accommodated Mr. Brannies' Jewish diet.

**-18-**

All Defendants acted under color of state law.

## VI.  COMPLAINT PREREQUISITES

**-19-**

Mr. Brannies served timely ante litem notices on Glynn County and Sheriff Jump as shown by Exhibit "A," attached to and incorporated into this Complaint.

## VI.  CLAIMS FOR RELIEF

**-20-**

Mr. Brannies makes the following Claims for Relief.

### COUNT I

### FIRST AMENDMENT
### 42 U.S.C. § 1983

**-21-**

Defendants Harris, Farrow, and John Does 1-6 violated Mr. Brannies' First Amendment rights by failing to provide him with a kosher, Jewish diet in observance of his religious beliefs and the free exercise of his religion.

-22-

Defendants Harris, Farrow, and John Does 1-6 exhibited a general and total disregard of any and all of Mr. Brannies' rights without regard to the extent of any injury that Mr. Brannies might suffer by the Sheriff Office Defendants wrongful acts.

-23-

As a direct and proximate result of Defendants Harris, Farrow, and John Does 1-6's deprivation of Mr. Brannies' rights protected by federal and state laws, Mr. Brannies has suffered substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

-24-

Defendants Harris, Farrow, and John Does 1-6 undertook their conduct in utter disregard of Mr. Brannies' rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Brannies to recover punitive damages in an amount to be decided by a jury to deter Defendants Harris, Farrow, and John Does 1-6 from future wrongdoing.

**COUNT II**

**FOURTEENTH AMENDMENT
DUE PROCESS
42 U.S.C. § 1983**

-25-

Defendants Harris, Farrow, and John Does 1-6 violated the Fourteenth Amendment rights of Mr. Brannies by failing to provide him with a kosher, Jewish diet in observance of his religious beliefs and the free exercise of his religion without due process of law.

-26-

Defendants Harris, Farrow, and John Does 1-6 exhibited a general and total disregard of any and all of Mr. Brannies' rights without regard to the extent of any injury that Mr. Brannies might suffer by Defendants Harris, Farrow, and John Does 1-6's wrongful acts.

-27-

As a direct and proximate result of Defendants Harris, Farrow, and John Does 1-6's deprivation of Mr. Brannies' rights protected by federal and state laws, Mr. Brannies has suffered substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

-28-

Defendants Harris, Farrow, and John Does 1-6 undertook their conduct in utter disregard of Mr. Brannies' rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Brannies to recover punitive damages in an amount to be decided by a jury to deter Defendants Harris, Farrow, and John Does 1-6 from future wrongdoing.

## COUNT III

### 42 U.S.C. § 2000CC-2(a)
### RELIGIOUS LAND USE AND INSTITUTIONALIZED PERSON ACT

-29-

Defendants Harris, Farrow, and John Does 1-6's refusal to provide Mr. Brannies with a kosher, Jewish diet substantially burdened Mr. Brannies' exercise of his religion.

-30-

Defendants Harris, Farrow, and John Does 1-6's deprivation of Mr. Brannies' exercise of his religion did not further any compelling government interest.

-31-

Defendants Harris, Farrow, and John Does 1-6's exhibited a general and total disregard of any and all of Mr. Brannies' rights without regard to the extent of any injury that Mr. Brannies might suffer by Defendants Harris, Farrow, and John Does 1-6's wrongful acts.

-32-

As a direct and proximate result of Defendants Harris, Farrow, and John Does 1-6's deprivation of Mr. Brannies' rights protected by federal and state laws, Mr. Brannies has suffered substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00**).

-33-

Defendants Harris, Farrow, and John Does 1-6 undertook their conduct in utter disregard of Mr. Brannies' rights that constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Brannies to recover punitive damages in an amount to be decided by a jury to deter Defendants Harris, Farrow, and John Does 1-6 from future wrongdoing.

## COUNT IV

### LIABILITY OF GLYNN COUNTY
### LIABILITY OF THE GLYNN COUNTY SHERIFF

-34-

Defendant Glynn County is liable to Mr. Brannies through the actions of Defendant Jump, one of Defendant Glynn County's final policy makers.

-35-

Defendant County is the final policy maker for Glynn County.

-36-

Defendant Jump is the final policy maker for the Glynn County Sheriff's Office.

## COUNT V

### ATTORNEY FEES
### CIVIL RIGHTS ATTORNEY'S FEES AWARDS ACT OF 1976
### 42 U.S.C. §1988

-37-

If Mr. Brannies prevails, he seeks attorney fees under the Civil Rights Attorney's Fees Awards Act of 1976, as amended and codified at 42 U.S.C. §1988.

## VII.  RELIEF REQUESTED

**RICHARD W. BRANNIES**, Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as follows:

a)  Award compensatory and punitive damages as prayed for in this Complaint;

b)  Award attorney fees as prayed for in this Complaint; and

c)  Award such other and further relief as the Court may deem appropriate for the circumstances of this case.

**RICHARD W. BRANNIES DEMANDS A JURY TRIAL**.

Respectfully submitted this 6th day of November 2024.

/s/ *James A. Yancey, Jr.*
JAMES A. YANCEY, JR.
Attorney for Richard W. Brannies
Georgia State Bar No.: 779725
James A. Yancey, Jr., Attorney at Law, P.C.
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
Email: jayjr@standinthegap.biz
C:\WPDOCS\CIVILRIGHTS\M-Z\RELIGION\2023\BRANNIES-R.CVR\M-Z\PLEADINGS\BRANNIES\COMPLAINT FOR DAMAGES